IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-MJ-0022-01-WBG (LMC) |
| JIMMIE R. LEWIS, JR., | |
| Defendant. | |

### MOTION OF THE UNITED STATES FOR A
### PRETRIAL DETENTION HEARING PURSUANT
### TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

Comes now the United States of America, by Teresa A. Moore, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain the Defendant Jimmie R. Lewis, Jr. ("Lewis" or "the defendant") without bail pending trial of this matter and to hold a hearing pursuant to Title 18, United States Code, Section 3142(f) for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### SUPPORTING SUGGESTIONS

Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing. Section 3142(f) provides as follows:

1

(f) Detention hearing.--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

    (1) upon motion of the attorney for the Government, in a case that involves—

        (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

        (B) an offense for which the maximum sentence is life imprisonment or death;

        (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

        (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

        (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code[.]

18 U.S.C. § 3142(f)(1)(A-E).

The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the government or by a judicial officer. 18 U.S.C. § 3142(f)(2). These conditions are:

    A.    When there is a serious risk that the defendant will flee; or

    B.    When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

2

Case 4:23-mj-00022-WBG   Document 2   Filed 03/01/23   Page 2 of 4

18 U.S.C. § 3142(f)(A-E).

Here, the Complaint and Affidavit trigger a number of justifications for this detention motion and, ultimately, after that hearing in the United States' estimation, detention. First, the charges include possessing a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c), which carries a penalty of up to life in prison. This justifies a detention hearing. *See* 18 U.S.C. § 3142(f)(B). Second, the affidavit shows Lewis resisted arrest in the present case by fleeing from officers in a vehicle at a high rate of speed both on highways and in a residential area posing a substantial risk of serious bodily injury to other motorists and innocent bystanders. *See Affidavit*. Finally, this case charges Lewis with a felony that is not otherwise a crime of violence, but "that involves the possession or use of a firearm"—that is, felon in possession of a firearm. 18 U.S.C. § 3142(f)(E). Furthermore, the defendant is believed to be a higher-level member of an ongoing drug trafficking organization and the circumstances surrounding the defendant's arrest on February 28, 2023 indicate that he is a danger to the community. Thus, this Court should order a detention hearing be held and, the United States believes, that after evidence is heard, detention will be warranted.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    */s/ Megan A. Baker*
Megan A. Baker
Special Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East 9th Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on March 1, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

                                        */s/ Megan A. Baker*
                                        Megan A. Baker
                                        Special Assistant United States Attorney